948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Eugene MOORE, Plaintiff-Appellant,
v.
Steven S. DAVIES; Raymond Roberts; Anderson; Yevak, CSI;
Jasmore, Capt.; Smith; Berrye; Perdue;
Randolph, Defendants-Appellees.
 Nos. 91-3162, 91-3193.
 United States Court of Appeals, Tenth Circuit.
 Nov. 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 These cases arise from the district court's dismissal of appellant's civil rights action. We have combined both cases for disposition because they present the same issue. Appellant, who is a state prisoner in the Lansing, Kansas facility, filed an amended complaint invoking the district court's jurisdiction on claims allegedly arising from 42 U.S.C. §§ 1443, 1981, 1983, 2000d-1, 2000e-2, and other assorted claims for class action. Defendants in this action were the Kansas Secretary of Corrections and the Warden of the Lansing institution. Although not named in the caption of the complaint, other employees of the institution were denominated as defendants in the body of the pleading and served with summonses.
 
 
 2
 Mr. Moore claimed he was denied rights secured to him by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution because he was not allowed to keep his television set while in detention and because a prison official refused to sign a grievance filed by Mr. Moore.[1] Mr. Moore claimed these alleged deprivations resulted in mental abuse. Defendants filed an answer admitting Mr. Moore was denied possession of a television set, but affirmatively averring institutional regulations denied all inmates in detention possession of a TV. A copy of those regulations was attached to the answer. As an affirmative defense, among others, defendants asserted the complaint was legally frivolous.
 
 
 3
 Several motions, relating to discovery and other matters, were filed by Mr. Moore following defendants' answer. One of these motions sought to strike defendants' "motion to dismiss." Although such a motion is not contained in the record, the district court nonetheless entered an order dismissing the complaint on the grounds it failed to state a claim upon which relief could be granted.
 
 
 4
 On appeal, Mr. Moore asserts the district court's dismissal deprived him of due process for two reasons: first, because it did not allow him to proceed with discovery; and, second, "by making conclusory allegation [sic] and/or using conclusory allegation without supporting facts and law without an evidentiary hearing." Nothing within the gleanable substance of the brief is directed to the issue of whether the complaint filed in the district court stated a legally cognizable claim.
 
 
 5
 Because the district court did not specify, we are uncertain whether it dismissed the action under Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(d). It is clear, however, that the district court determined from the complaint that Mr. Moore had asserted no grounds upon which he could possibly be entitled to relief. On that finding, a 12(b)(6) would have been proper. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the district court determined the complaint was frivolous, that is, the claims are based upon the infringement of a legal interest that clearly does not exist, dismissal under § 1915(d) was proper. McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir.1991).
 
 
 6
 The record before the district court clearly discloses Mr. Moore was treated no differently than any other prisoner in detention. Institutional regulations prohibit the possession of a television by anyone so confined. Moreover, despite the failure of the prison official to sign Mr. Moore's grievance, he alleges no adverse result to him as a consequence. We therefore conclude the complaint was frivolous and properly dismissed. Appellant's motion to proceed without payment of fees is GRANTED and the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court also found within the complaint an averment of a due process denial in disciplinary proceedings arising from objections raised by Mr. Moore over the disallowance of his television set. That finding is the result of a very generous reading of the pleading